UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AGRI-BEST HOLDINGS, LLC, individually and d/b/a Protein Solutions, </br></br>Plaintiff, </br></br>vs. </br></br>SONOMA CATTLE EXCHANGE, a division of My Favorite Foods, Inc., </br></br>Defendant. </br>_____ </br></br>SONOMA CATTLE EXCHANGE, a division of My Favorite Foods, Inc., </br></br>Counterplaintiff, </br></br>vs. </br></br>AGRI-BEST HOLDINGS, LLC, individually and d/b/a Protein Solutions, </br></br>Counterdefendant. | </br></br></br></br></br></br></br></br></br></br></br></br></br></br>10 C 6976 |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on Plaintiff Agri-Best Holdings, LLC's ("Agri-Best") motion to strike and/or dismiss Defendant Sonoma Cattle Exchange's ("Sonoma") affirmative defenses pursuant to Federal Rules of Civil Procedure 12(b)(6)

and 12(f) and 11 U.S.C. § 362(a). For the reasons stated below, the motion is granted in part and denied in part.

## BACKGROUND

Beginning in or around 2005, Sonoma ordered meat products from Agri-Best for resale to customers. Over time, Agri-Best delivered the meat products but, in numerous instances, Sonoma failed to pay because Agri-Best provided meat products that were low quality, mis-labeled, old, and discolored.

On October 5, 2010, Agri-Best filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois, which triggered an automatic stay of all actions against Agri-Best. On January 26, 2011, Agri-Best filed an Amended Complaint against Sonoma seeking to collect $413,361.60 for goods tendered and expenses paid by Agri-Best on behalf of Sonoma. On March 16, 2011, Sonoma filed its Amended Answer and asserted eight affirmative defenses. Agri-Best filed a motion to strike and/or dismiss Sonoma's affirmative defenses.

## LEGAL STANDARD

Affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). The defendant must therefore set forth a "short and plain" statement of the basis of the affirmative defense. Fed. R. Civ. P. 8; *Heller*, 883 F.2d at 1294. While motions to strike are disfavored, a "court may strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Heller*, 883 F.2d at 1294.

## DISCUSSION

Sonoma asserts the following affirmative defenses: (1) failure to state a claim for relief; (2) unclean hands; (3) failure of consideration; (4) nothing is owed; (5) set-off or recoupment; (6) failure by Wells Fargo to perfect its security interest; (7) breach of the implied warranty of merchantability; and (8) tortious interference with a business relationship. Agri-Best asks this Court to strike and/or dismiss Sonoma's eight affirmative defenses.

Agri-Best argues that Sonoma's first five affirmative defenses are improper because they state legal conclusions and do not identify which allegations in the Amended Answer support the affirmative defenses. Sonoma, however, need not specifically identify which allegations support each affirmative defense and this Court will not strike Sonoma's affirmative defenses to the extent Sonoma alleges facts setting forth a short and plain statement of the basis of the defense. Sonoma alleges that Agri-Best shipped low-quality meat products on several occasions and initially agreed not to charge Sonoma for those inferior products. Sonoma further alleges that Agri-Best later refused to reduce the outstanding balance to account for the shipment of inferior products, so that Agri-Best could create a false impression to its bank that Sonoma owed Agri-Best a large amount of money. Sonoma thus alleges facts setting forth a

short and plain statement of the bases for its first fI've affirmative defenses. Accordingly, this Court will not strike those affirmative defenses.

Further, Agri-Best argues that Sonoma's sixth affirmative defense is improper because Sonoma fails to explain how Wells Fargo failed to perfect its security interest or why Wells Fargo's lack of standing is relevant. Sonoma alleges that Agri-Best's secured lender, Wells Fargo, is prosecuting this action in Agri-Best's name and that Wells Fargo lacks standing to prosecute this action because it failed to perfect its security interest. Because Sonoma has set forth a short and plain statement of the basis for its sixth affirmative defense, this Court will not strike that affirmative defense.

Finally, Agri-Best argues that Sonoma's seventh and eighth affirmative defenses are improper counterclaims which seek affirmative relief from Agri-Best. An affirmative defense is the assertion of facts and arguments that, if true, will defeat the plaintiff's claim. Black's Law Dictionary (9th ed. 2009). Different from an affirmative defense, a counterclaim is a claim for affirmative relief asserted against the plaintiff. *Id.*; Fed. R. Civ. P. 13(c). Sonoma's seventh affirmative defense alleges that Sonoma suffered lost profits because of Agri-Best's failure to deliver high-quality beef. This purported affirmative defense does not simply attempt to excuse Sonoma's obligation to pay the amounts allegedly owed to Agri-Best; instead the alleged affirmative defense seeks affirmative relief from Agri-Best, just like a counterclaim. Along the same lines, Sonoma's eighth affirmative defense alleges that Sonoma lost profits because Agri-Best

solicited Sonoma's customers and unjustifiably interfered with Sonoma's business relationships. Similar to Sonoma's seventh affirmative defense, the eighth affirmative defense does not attempt to excuse Sonoma's obligation to pay the amounts allegedly owed, but instead is wholly unrelated to Sonoma's failure to pay and improperly seeks affirmative relief from Agri-Best. Such affirmative defenses are particularly inappropriate because they amount to counterclaims which violate the Bankruptcy Code's automatic stay. 11 U.S.C. §§ 362(a)(1), (6) (stating that once a bankruptcy petition is filed, all entities are automatically stayed from commencing judicial action against the debtor or from doing any act to recover a pre-petition claim against the debtor). Accordingly, this Court strikes Sonoma's seventh and eighth affirmative defenses. Further, this Court denies Sonoma's request for leave to amend because Sonoma cannot cure the deficiencies plaguing those affirmative defenses.

## CONCLUSION

For the foregoing reasons, this Court strikes Sonoma's seventh and eighth affirmative defenses and denies Sonoma's request for leave to amend.

_____
Charles P. Kocoras
United States District Judge

Dated:   May 24, 2011